

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

FJN:KPO
F. #2023R00874

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

February 19, 2025

By ECF and Email

The Honorable Kiyo A. Matsumoto
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: United States v. Jacob Yusufov
        Criminal Docket No. 24-326 (KAM)

Dear Judge Matsumoto:

  The government respectfully submits this letter in advance of the defendant Jacob Yusufov's sentencing, which is scheduled for March 5, 2025 at 11:30 a.m. For the following reasons, the government respectfully submits that a significant custodial sentence within the United States Sentencing Guidelines (the "Guidelines" or "U.S.S.G.") range of 41 to 51 months' imprisonment is warranted in this case.

I. Factual Background

  Following an investigation into distribution and possession of child sexual abuse material using Snapchat, the video and photo message application, law enforcement agents searched the defendant's residence pursuant to a search warrant and seized several electronic devices, including two iPhones, two laptops, and several thumb drives. See Presentence Report ("PSR"), at ¶¶ 4-9. At the time of the search warrant execution, the defendant thew his personal cell phone out of the window of his residence but the phone remained intact and was seized and searched. Id. ¶ 9. Law enforcement agents conducted a review of the seized drives which contained 186 images and 198 videos of child sexual abuse material, as well as more than 22,000 videos and images that were not child sexual abuse material but depicted minors and females of an unclear age in sexually suggestive ways. Id. ¶ 10-11.

II.  Procedural History

The defendant was arrested and charged by complaint on the sole count of possession of child pornography on February 15, 2024.  See ECF No. 1-3.  On August 14, 2024, the defendant waived indictment and was charged by information with possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(b) and 2252(b)(2).  ECF No. 18.  On August 14, 2024, the defendant pled guilty to possessing child pornography.  ECF No. 20.

III.  Legal Standard

A "district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range.  As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark." Gall v. United States, 552 U.S. 38, 49 (2007) (citation omitted).  Next, a sentencing court should "consider all of the § 3553(a) factors to determine whether they support the sentence requested by a party.  In so doing, [it] may not presume that the Guidelines range is reasonable.  [It] must make an individualized assessment based on the facts presented." Id. at 50 (citation and footnote omitted).  Title 18, United States Code, Section 3553(a) provides that, in imposing sentence, the Court shall consider:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
> > (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
> >
> > (B) to afford adequate deterrence to criminal conduct; [and]
> >
> > (C) to protect the public from further crimes of the defendant.

Section 3553 also addresses the need for the sentence imposed "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner."  18 U.S.C. § 3553(a)(2)(D).  "[I]n determining whether to impose a term of imprisonment, and, if a term of imprisonment is to be imposed, in determining the length of the term, [the Court] shall consider the factors set forth in section 3553(a) to the extent that they are applicable, recognizing that imprisonment is not an appropriate means of promoting correction and rehabilitation."  18 U.S.C. § 3582(a).

At sentencing, "the court is virtually unfettered with respect to the information it may consider." United States v. Alexander, 860 F.2d 508, 513 (2d Cir. 1988).  Indeed, "[n]o limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence."  18 U.S.C. § 3661.  Thus,

the Court should first calculate the applicable Guidelines range, and then apply the Section 3553(a) factors to arrive at an appropriate sentence, considering all relevant facts.

IV.    Guidelines Calculation

    A.    The Applicable Guidelines Range

The Probation Department ("Probation") has calculated the applicable Guidelines calculation as follows:

| | |
|---|---:|
| Base Offense Level (§ 2G2.2(a)(1)) | 18 |
| Plus: Material Involves Prepubescent Minor (§ 2G2.2(b)(2)) | +2 |
| Plus: Material Involves Sadistic or Masochistic Conduct or Sexual Abuse/Exploitation of Infant and/or Toddler (§ 2G2.2(b)(4)(B)) | +4 |
| Plus: Offense Involved Use of Computer (§ 2G2.2(b)(6)) | +2 |
| Plus: Offense Involved More than 600 Images (§ 2G2.2(b)(7)(D)) | +5 |
| Less: Acceptance of Responsibility (§§ 3E1.1(a)-(b)) | -3 |
| Total: | __28__ |

PSR ¶¶ 19-31. Based on the defendant's criminal history, which is in Criminal History Category I, the applicable Guidelines range for the defendant is 78 to 97 months' imprisonment. Id. ¶ 34. The Probation Department and plea agreement differ in their respective calculations of the Sentencing Guidelines. In contrast to the plea agreement, the Probation Department considered U.S.S.G. §§ 2G2.2(b)(2) and 2G2.2(b)(4)(B) when calculating the offense level for conspiracy. PSR ¶¶ 20-21. The government acknowledges that the Probation Department's calculation is correct. However, the images that are the subject of the enhancement were identified post-plea. As such, the government will maintain that a sentence within the Sentencing Guidelines range as calculated in the plea agreement, at offense level 22, is reasonable and appropriate in this case. An offense level 22 and a Criminal History Category I carry a Guidelines sentence of 41 to 51 months' imprisonment.

V.    Sentencing Recommendation

The government respectfully submits that a significant custodial sentence within the Guidelines range of 41 to 51 months' imprisonment in this case is warranted. The nature and circumstances of the defendant's crimes are undoubtedly serious. Although the government is unaware of any direct physical abuse of minors by the defendant, the defendant's crime is by no means, victim-less. By downloading, collecting, and viewing

3

images of child pornography, the defendant re-victimized the minors in the videos and images, and helped fuel the market for such abuse. See, e.g., United States v. Gouse, 468 F. App'x 75, 78 (2d Cir. 2012) (affirming sentence where district court had "observed that, contrary to [the defendant's] contention, his crimes are not victimless because they create[] a market for child pornography and thus harm children, scarr[ing] [them] for life" (internal quotation marks omitted)); United States v. Miller, 594 F.3d 172, 189 (3d Cir. 2010) ("[P]ossession of even a small number of images of child pornography contributes to the victimization of children and creates a market for child abuse." (internal quotation marks omitted)). Thus, an appropriate sentence must give notice to the defendant and the public that the crime has serious consequences in order to provide general deterrence.

A significant custodial sentence is also necessary to provide individual deterrence to the defendant and to promote respect for the law. The defendant was found to be in possession of over 350 child pornography images and videos. The defendant knew what these videos and images contained and yet, he continued to download and collect such images until his arrest. Moreover, the defendant attempted to evade detection by throwing his phone out of the window of his apartment building when his residence was searched. A custodial sentence is thus needed in order to punish and deter the defendant from committing further crimes.

The government acknowledges that the Second Circuit has cautioned that the applicable Guidelines section here – Section 2G2.2 – is "fundamentally different from most and that, unless applied with great care, can lead to unreasonable sentences that are inconsistent with what § 3553 requires." United States v. Dorvee, 616 F.3d 174, 184-87 (2d Cir. 2010) (explaining that the applicable enhancements concentrate all child pornography offenders at or near the statutory maximum and can make it difficult to distinguish between those who possess child pornography and the most dangerous offenders, who for example, directly produce child pornography or engage in hands-on sexual abuse). However, a sentence within the requested Guidelines range of 41 to 51 months' imprisonment is not comparable to the sentences that were vacated in Dorvee (statutory maximum of 240 months for distribution of child pornography) and in United States v. Jenkins, 854 F.3d 181 (2d Cir. 2017) (sentence of 225 months and 25 years of supervised release for possession of child pornography) for substantive unreasonableness. See, e.g., United States v. Escobosa, No. 17-3162, 791 F. App'x 214, 216–17, 2019 WL 5294964 at *2, (2d Cir. October 18, 2019) (rejecting substantive reasonableness challenge to an 87-month sentence for possession of child pornography); United States v. Hagerman, 506 F. App'x 14, 17–18 (2d Cir. 2012) (noting that the defendant was not sentenced to the statutory maximum and upholding a 97-month sentence for receipt and possession of child pornography where the defendant had no prior criminal history, was a victim of sexual abuse, had never sexually abused a minor, and where a psychological evaluation concluded "he poses only a low to moderate risk of reoffending").

Conversely, all of the relevant 3553(a) factors support a sentence within the requested Guidelines range. "The harm caused by a pedophile, be he a distributor *or mere consumer* in child pornography" is beyond legitimate dispute; in all cases, "the mere existence of and traffic in child pornographic images creates the potential for many types of harm in the

community and presents a clear and present danger to all children." <u>United States v. Reiner</u>, 468 F. Supp. 2d 393, 397 (E.D.N.Y 2006) (emphasis supplied).

The seriousness of the underlying offense is evident on its face and calls for a significant prison sentence. <u>See</u> 18 U.S.C. § 3553(a)(1). The defendant sought out the images and videos found on his devices, there were real victims. Adequate punishment, deterrence and, most importantly, protection of children all call for a significant sentence. The government therefore requests that the Court impose a sentence of 41 to 51 months' imprisonment.

VI.     <u>Conclusion</u>

For the foregoing reasons, the government respectfully submits that a custodial sentence within the applicable Guidelines range of 41 to 51 months' imprisonment is appropriate in this case.

Respectfully submitted,

JOHN J. DURHAM
United States Attorney

By:     <u>/s/ Katherine P. Onyshko</u>
Katherine P. Onyshko
Assistant U.S. Attorney
(718) 254-6177

cc:  Clerk of the Court (KAM)
     Counsel of Record (by ECF)
     Michelle B. Malko, U.S. Probation Officer (by email)